CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 0 2022

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | |
|---|---|
| **TRACEY H.,** ) | |
| ) | |
| **Plaintiff** ) | **Civil Action No. 4:20-CV-40** |
| ) | |
| **v.** ) | |
| ) | |
| **KILOLO KIJAKAZI, Acting Commissioner** ) | |
| **of Social Security,** ) | **By: Michael F. Urbanski** |
| ) | **Chief United States District Judge** |
| ) | |
| **Defendant** ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on December 23, 2021, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Tracey H. (Tracey) has filed objections to the R&R and this matter is now ripe for the court's consideration.

## I. Background

Tracey filed an application for disability insurance benefits and supplemental security income on July 25, 2017, alleging disability based on chronic low blood pressure, right leg radiculopathy, myofascial lumbar strain, mild foraminic narrowing from facet arthropathy in her lumbar spine, hypertrophy, high blood pressure, high cholesterol, and low thyroid. R. 185. Tracey was 45 years old on her alleged onset date and had a "date last insured" (DLI) of

December 31, 2021. The ALJ found that Tracey had severe impairments of degenerative disc disease of the lumbar spine, and obesity. He found that her other impairments, which he listed as high blood pressure, high cholesterol, sinus tachycardia, chronic venous insufficiency, depression, and anxiety, were not severe. The ALJ found that Tracey had the RFC to perform light work except that she was able to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk 6 hours in an 8-hour day and sit 6 or more hours in a workday. She would need to alternate between sitting and standing at intervals of approximately 30 minutes while staying on task. She could occasionally balance, stoop, kneel, crouch, and crawl, and occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She could tolerate occasional exposure to vibration and workplace hazards such as unprotected heights and moving machinery. R. 15.

Based on this RFC, the ALJ determined that Tracey could not return to her past relevant work as a salesclerk, sewing machine operator, or store laborer. However, the ALJ found, based on the testimony of a vocational expert, that Tracey could do the jobs of information clerk, assembler, or hand packager, and that such jobs existed in significant numbers in the national economy. Therefore, the ALJ concluded that Tracey was not disabled. R. 21-22. The Appeals Council denied Tracey's request for review, R. 1-3, making the ALJ decision the final decision of the Commissioner.

This lawsuit followed. The magistrate judge found that the ALJ determination was supported by substantial evidence and Tracey objects to several of the magistrate judge's conclusions. ECF No. 24. The commissioner responded to her objections on February 22, 2022. ECF No. 29.

2

## II. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'"

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

3

de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. April 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011). See also Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir. 2010) ("The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein."); Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") (emphasis in original). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to

be general objections to the entirety of the report and recommendation. See Veney v. Astrue,

539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely
> reformatting an earlier brief as an objection "mak[es] the initial reference to the
> magistrate useless. The functions of the district court are effectively duplicated
> as both the magistrate and the district court perform identical tasks. This
> duplication of time and effort wastes judicial resources rather than saving them,
> and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of
> Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will

not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated

as a general objection, which has the same effect as would a failure to object. Id.

## III. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions.

Rather, judicial review of disability cases is limited to determining whether substantial evidence

supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving

disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v.

Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a

de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter

v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the

record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind,

Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a

directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v.

Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less

5

than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## IV. Plaintiff's Objections[2]

Tracey makes the following objections: (1) She will be 51 years old in April of this year and her age should be taken into account in the assessment of disability; (2) the court should consider the fact that plaintiff's DLI is December 31, 2021 and her husband's income will disqualify her for SSI, so this is her only opportunity to be awarded benefits; (3) she has financial needs; (4) the vocational expert misunderstood one of the hypothetical questions posed by the ALJ; (5) the vocational expert testified that Tracey cannot do any work with her limitations; and (6) the magistrate judge failed to note a medical finding in one of the medical records. Tracey also submitted additional medical evidence she recently received from her primary care physician and asks that it be considered as part of her disability claim.[3]

### A. Effect of Age on Disability Claim

Tracey asks the court to consider the fact that she will turn 51 years old this year. In determining whether a claimant is disabled, the Commissioner considers the claimant's age in combination with her RFC, education, and work experience. In making the determination of

---

[2] Detailed facts about Tracey's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 21) and in the administrative transcript (ECF No. 15) and will not be repeated here except as necessary to address her objections.

[3] The court notes that Tracey did not raise any of these arguments to the magistrate judge. However, because Tracey is proceeding pro se, and because this court may conduct a de novo review of the ALJ determination, the court has addressed her objections.

whether a person can make an adjustment to other work, advancing age is an increasingly limiting factor in the claimant's ability to adjust to other work. 20 C.R.F. § 404.1563(a). A person under age 50 is considered a "younger person." 20 C.F.R. § 404.1563(c). A person aged 50 to 54 is "closely approaching advanced age." 20 C.F.R. § 404.1563(d).

In Tracey's case, the fact that she became a person "closely approaching advanced age" while her claim was pending does not affect the ALJ's determination. When a claimant such as Tracey has a severe medically determinable impairment, is not engaging in significant gainful activity, and cannot her to return to her past relevant work because of her impairments, the Commissioner first turns to the Medical Vocational Guidelines, or "Grids," located at Appendix 2 to Subpart P of Part 404 for a determination of disability. The Grids reflect the analysis of vocational factors such as age, education, and work experience, combined with the claimant's RFC, to determine whether a claimant can engage in work other than her past relevant work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00.

Tracey was 48 years old at the time the ALJ rendered his decision and she was considered a "younger person" under the regulations. Her age, coupled with the fact that she has at least a high school education and with the ALJ's assessment of her as having the RFC to do light work, directed a finding that she is not disabled under the Grids. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.21. If she were considered a person "closely approaching advanced age," the Grids still direct a finding that she is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App.

2, § 200.14. Therefore, the fact that she turns 51 years old this year does not affect the assessment of whether jobs exist for her in the national economy.[4]

Also, because Tracey has non-exertional limitations in addition to exertional limitations, the ALJ properly did not rely solely on the Grids but used them as a guideline. R. 22; Campbell v. Apfel, 168 F.3d 481, at *2 (4th Cir. 1998) (per curiam). The ALJ sought the testimony of a vocational expert who considered Tracey's age in addition to the other vocational factors to find that she can do work that exists in the national economy. R. 77 (asking the vocational expert to consider a hypothetical person of Tracey's same age, education, and work experience). See also Sherby v. Astrue, 767 F.Supp.2d 592, 595 (D.S.C. 2010) ("When the Commissioner is unable to rely on the grids, he must prove through additional evidence, such as testimony of a vocational expert, that jobs exist in the national economy which the claimant can perform.")

Based on the foregoing, the court's review of the ALJ opinion shows that he properly considered Tracey's age in determining whether she can do jobs that exist in significant numbers in the national economy. Tracey's objection to the magistrate judge's finding that the ALJ's opinion is supported by substantial evidence is **OVERRULED**.

**B. Financial Situation**

Tracey's next two arguments are addressed together. She asks the court to consider the fact that her DLI is December 31, 2021, meaning that if she is not found disabled prior to that

---

[4] In addition, the ALJ is only allowed to consider a borderline age situation when a person is within a few days or up to a few months of aging into another age category. 20 C.F.R. § 404.1563(b). Tracey would not have entered into the "closely approaching advanced age" category until almost two years after the ALJ decision. Therefore, even if advancing into that category would have changed the finding under the Grids, the ALJ would have been without authority to consider the fact that Tracey would turn 50 two years after his decision.

date, she will likely never be eligible for disability benefits. To establish eligibility for Social Security disability benefits, also known as SSDI (for Social Security Disability Income) or DIB (for Disability Insurance Benefits), a claimant must show that she became disabled prior to her DLI, or the last date she was insured for benefits. Generally, a claimant's DLI is calculated based on the number of quarters of years she worked and earned income in the years prior to the date she filed for Social Security benefits. See 42 U.S.C. § 423; 20 C.F.R. § 404.101 et seq. In this case, Tracey earned enough income in the years before she applied for benefits to have coverage through December 31, 2021. If she is found disabled after that date, she will not be entitled to DIB.

Tracey also points out to the court that although she applied for SSI, her husband's income will likely preclude her from ever receiving it. The SSI program provides need-based financial assistance to people found to be disabled under Social Security regulations. Kirk v. Comm'r, 987 F.3d 314, 318 n.3 (4th Cir. 2021). Relatedly, Tracey asks the court to consider the fact that she finds herself in a difficult financial situation, with her loss of income affecting her ability to pay her medical bills and contribute to the household finances.

Although the court is sympathetic to Tracey and her situation, the only issue considered when reviewing a denial of benefits by the Social Security Administration is whether the ALJ's opinion as to the claimant's disability is supported by substantial evidence. "Under the Social Security Act, we must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Because Tracey's arguments about her insured

9

status and eligibility for SSI do not challenge the ALJ's opinion regarding her disability, they are not addressed here.

### C. Hypothetical Questions to the Vocational Expert

Tracey's next two objections are addressed together. Tracey argues that the vocational expert misunderstood one of the hypothetical questions posed by the ALJ. The following exchange occurred between the ALJ and the vocational expert:

> ALJ: If the hypothetical individual required the use of a cane to ambulate to and from the work center or move about it, would these [previously described] jobs be possible?
>
> VE: Pardon me, Your Honor? If they, if they have to be able to, to, to move about?
>
> ALJ: Yes, if they – if the cane would be required to ambulate to the work center or leave from the work center or to the extent their job requires them to move within the work center if they require the cane for, for that purposes [sic] as well would those jobs be possible?
>
> VE: Well, they, they would be possible. The, I mean, those sedentary occupations don't require you to move around anywhere, but, I mean, it's not against the rules to or it's not a violation of anything to use a cane to get to your work.

R. 81.

While it does appear that the vocational expert initially was confused by the question, the ALJ clarified the question such that the vocational expert was able to answer it. Therefore, this initial misunderstanding provides no basis to conclude that the ALJ opinion was not supported by substantial evidence.

Tracey also argues that the vocational expert testified that she cannot do any work with her limitations. However, that testimony was given in response to a hypothetical question by Tracey's representative in which he asked the vocational expert whether there would be any

jobs Tracey could do if she were limited to standing no more than one hour per day, sitting for no more than three hours in a day, walking forty or fifty yards before needing to rest, and in pain such that it would constantly interfere with her ability to work. In response to that hypothetical question, the vocational expert testified that a person with those limitations would not be employable because she could not work a full day. R. 83.

However, the ALJ did not find Tracey's RFC to be as limited as that described by her representative to the vocational expert. Because the ALJ did not find Tracey limited in the ways her representative described, the vocational expert's testimony does not support a finding that Tracey cannot work. Rather, based on the limitations the ALJ found for her, the vocational expert testified that Tracey could do jobs such as that of information clerk, assembler, and hand packager. See Davis v. Apfel, 162 F.3d 1154, at *2 (4th Cir. 1998) (per curiam) (pointing out that hypothetical questions are not findings of fact and the ALJ determines after the hearing which hypothetical scenario most closely fits the evidence of record). The court finds that the vocational expert understood the question posed by the ALJ and further finds that the vocational expert did not opine that Tracey cannot work based on the RFC in the hypothetical question presented by the ALJ. Therefore, Tracey's objection on this issue is **OVERRULED**.

**D. Evaluation of the Evidence**

Tracey also argues that the magistrate judge failed to note a medical finding in one of the medical records that he cited. The magistrate judge set out findings from a 2018 MRI of Tracey's lumbar spine, which he edited for clarity. R&R, ECF No. 21 at 9. The original version read:

> Mild to moderate facet hypertrophy is stable except for a new small 5 mm synovial cyst on the right (series 14, image 22) which contributes to mild to moderate right lateral recess stenosis (descending right L5 nerve root level). Mild spinal stenosis at this level has improved.

R. 587. The magistrate judge quoted the passage as follows:

> Mild to moderate facet hypertrophy is stable except for a new small 5 mm synovial cyst on the right which contributes to mild to moderate right lateral recess stenosis. Mild spinal stenosis at this level has improved.

ECF No. 21 at 9. Tracey asserts that she believes that the issue with the synovial cyst and the nerve root are significant and that medical evidence shows that issues with nerve roots often cause pain.

The court finds that the magistrate judge did not ignore the evidence, but simply shortened the medical finding without changing its meaning. Additionally, the ALJ summarized the MRI findings in his determination. R. 18. As to Tracey's argument that issues with nerve roots cause pain, the ALJ found that Tracey's back impairments caused her alleged symptoms, including pain. R. 16. However, the ALJ further found that her statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Id.

The court appreciates Tracey's suggestion that nerve root compression often causes pain. However, it is not the province of the court to reweigh the evidence submitted to the ALJ. Hancock v. Astrue, 667 F.3d 470, 72 (4th Cir. 2012). Rather, a reviewing court "must uphold a determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017). In this case, the ALJ cited to the record showing "mild to moderate lateral recess stenosis" and considered that medical finding in his assessment of Tracey's RFC.

The court finds no error in the magistrate judge's determination that the ALJ properly evaluated the evidence of record. Tracey's objection on this issue is **OVERRULED**.

### E. Submission of New Evidence

Tracey submitted new evidence to this court and asks that it be considered. Any evidence that was not submitted to the Appeals Council is reviewed under sentence six of 42 U.S.C. § 405(g), which allows for a court to remand a case for consideration of additional evidence if the evidence is new and material, and good cause is shown for the failure to incorporate the evidence into the record in a prior proceeding. Evidence is new if it is not duplicative or cumulative, and it is material if there is a reasonable possibility that the evidence would have changed the outcome of the ALJ decision. Wilkins v. Sec'y, Dept. of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). A court's authority under sentence six is limited to remanding the case for additional evidence to be taken.

Tracey submitted eighty-one pages of medical records from Carolina NeuroSurgery & Spine Associates. ECF No. 28-1. The records span the time period of January 2, 2020 through February 2, 2022 and are not part of the previous medical records submitted. Therefore, they are new. However, the records are not material, as they do not relate to the relevant time period, which is on or before the date of the ALJ decision, or July 11, 2019 in this case. "New evidence must relate to the determination of disability at the time the application was first filed, or at least before the ALJ renders his decision, and it must not contain evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Campbell v. Astrue, No. 2:11cv563, 2013 WL 1213057, at *8 (E.D. Va. March 1, 2013) (citations omitted). As the records submitted by Tracey begin approximately six months

after the ALJ rendered his decision, they are not material as they would not have changed the outcome of the ALJ's determination.

Moreover, the evidence that Tracey seeks to have considered contains essentially the same findings as were made on prior exams. For example, on February 3, 2020, Tracey had normal sensation in her upper and lower extremities, normal gait and station, normal strength and tone in her upper and lower extremities, normal deep tender reflexes, and a negative straight leg raise. ECF No. 28-1 at 72-73. On December 30, 2021, the findings were the same. Id. at 7-8. Therefore, in addition to the records not pertaining to the time before the ALJ issued his decision, they offer no new support that Tracey was disabled under the Social Security regulations during the relevant time period. Accordingly, the court will not remand Tracey's case to the Commissioner for consideration of the new evidence.

If Tracey wishes for the Social Security Administration to determine whether she was eligible for benefits from the date after the ALJ issued his decision but prior to her date last insured, she may file a new application for benefits.

## V. Conclusion

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ decision is supported by substantial evidence. Therefore, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered:   03-06-2022

Michael F. Urbanski
Chief United States District Judge